HARDY, Judge.
This is an action seeking a reduction of the purchase price of certain described lands in Natchitoches Parish arising from an alleged deficiency in acreage. Plaintiffs have appealed from judgment sustaining an exception of no cause of action interposed by defendant.
Plaintiffs alleged that a survey disclosed a deficiency of 88.6 acres, representing 6.07% of the total of 1,460 acres, and, accordingly, they prayed for judgment in the sum of $8,498.00, representing the same percentage of the total purchase price of $140,000.00.
By a formal written contract dated May 26, 1962, W. L. Townsend, Sr. and W. L. Williams entered into an agreement to buy and sell the tract of land which is the subject of this suit. In addition to the real estate the agreement described a substantial amount of movable property to be included in the sale and fixed the consideration and terms of payment for both the real and movable property without a separation of the values and price thereof.
Among other provisions the contract contained the following specific agreements which are pertinent to a determination of the issue presented:
“During the 30 day period provided for in the contract, the Buyer shall, at his own expense, have the right to have the property surveyed by a Registered Surveyor agreed upon in advance by the Seller and, in the event the property contains less than 1,460 acres in the aggregate, the purchase price shall be proportionately reduced. In the event the property contains more than 1,460 acres in the aggregate, the purchase price nevertheless shall remain as herein fixed.”
sf 'J' íj» »{»
“The Buyer shall have a period of 30 days from the date hereof in which to examine the title to the herein described [land] and, in the event title is good and merchantable, deed shall be executed; otherwise this contract shall be terminated and the $10,000.00 refunded.”
Under date of June 30, 1962, an act of conveyance was executed by Elizabeth A. Townsend, individually and as agent for W. L. Townsend, Sr. as vendors, in favor of W. L. Williams, his wife and two other parties, as vendees, who purchased in the proportions set forth in the act. This deed contained the following provision:
“This sale is made and accepted in full compliance with agreement to buy and sell entered into between W. L. Townsend, Sr. and W. L. Williams, on May 26, 1962.”
*873 Defendant’s exception is predicated upon the contentions (1) that the sale was one per aversionem and, accordingly, neither increase nor diminution of the price can be allowed in view of LSA-C.C. Article 2495; (2) that the purchasers failed to comply with the 30 day period provided in the contract for the making of a survey, and, as shown by the petition, survey was not made until October 3, 1962, more than four months after the execution of the contract and more than three months after the execution of the act of conveyance; and (3) that, in addition to the real estate, a substantial amount of movable property was conveyed, and, as a result, the total price of $140,000.00 did not represent a sale by the acre nor a sale of the land alone.
In answer to the above contentions on behalf of defendant, counsel for plaintiffs urge that even if the conveyance be considered a sale per aversionem, the agreement between the parties clearly evidences the intention to fix the extent of property as embracing 1,460 acres, and, as a consequence, the diminution in price for a deficiency in acreage should be allowed. Counsel further argues that the provision for a survey and the fixing of a time for the making thereof was mere surplusage and without importance or effect since it was the intention of the parties to buy and sell 1,460 acres of land. With reference to the lump sum consideration which embraced both real and movable property, it is urged that the court could arbitrarily fix the value of the shortage in acreage.
We have found no grave difficulty in disposing of the opposed contentions. There can be no reasonable question as to the conclusion, evident from the deed of conveyance itself, that the sale must be construed to have been one per aversionem, inasmuch as the property is described by boundaries and adjoining tenements. Obviously, because of this nature of description, the parties provided for the right to procure a survey to determine the actual acreage. Such an agreement was necessary to avoid the prohibition against either increase or diminution of the purchase price on account of a disagreement in measure under the specific provision of LSA-C.C. Article 2495. The failure to procure a survey within the time fixed and the execution of the deed “made and accepted in full compliance” with the contract effectively terminated the rights of the purchasers in this respect.
Neither can the validity of the time provision set forth in the contract be denied. The contract provided thirty days for examination of title and a like period for the making of a survey at the option of the purchasers. The execution of the deed of conveyance after the expiration of this time period must be construed as evidencing the intention of the purchasers to forego the right to a survey accorded by the contract. This conclusion is fully justified by the recital that the sale was made and accepted in full compliance with the agreement of May 26, 1962.
By reason of the stated conclusions, it is unnecessary to pass upon the contention with respect to the asserted impossibility of a division of the purchase price and a fixing of the amount appropriate to the diminution of acreage.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.